UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMAJ HOWARD,<br><br>        Plaintiff,<br><br>  v.<br><br>DEPUTY CHRISTOPHER BARNEY, et al.,<br><br>        Defendants. | No. 2:17-cv-01807-JAM-DB<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u> |

    This case is Semaj Howard's ("Plaintiff" or "Howard") second lawsuit arising out of a thirteen-day period without running water in his cell at the Sacramento County Jail. Howard alleges that twenty-seven Sacramento County Jail employees ("Defendants") violated his Fifth, Eighth, and Fourteenth Amendment rights by withholding running water and grievance forms.

    Defendants moved for summary judgment, ECF No. 16, which Howard opposes, ECF No. 19. For the reasons explained below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 4, 2019.

1

## I. FACTUAL BACKGROUND

In late 2015, Howard was a pretrial detainee in the Total Separation Unit at the Sacramento County Jail. Howard Dep., ECF No. 16-6, p. 20. As a total separation inmate, Howard was the sole occupant of his cell. Harlan Decl., ECF No. 16-6, p. 2. His only time out of his cell were for legal matters, medical and psychological appointments, and visits to the day room. Howard Dep. at 30, 82.

On November 19, 2015, Deputy Robert Ranum turned off the water in Howard's cell. Howard Dep. at 55. The water remained off for thirteen days, until December 1, 2015, when Howard told a trusted member of the staff who immediately turned it back on. Id. at 71. Howard alleges that he had complained to Defendants Christopher Barney, Dylan Black, Nathan Daniel, and Robert Ranum about the water being shut off, but they denied him grievance forms. Id. at 55-56.

During the period his water was off, Howard was unable to use the sink or flush the toilet in his cell, resulting in a foul odor from accumulated feces and urine. Id. at 55. On the days that he was given day room access, he was able to get water from the shower to take his medication. Id. at 82. Other days, he was not able to take his medication due to lack of water. Id.

Once Howard's water was turned back on, his toilet was inoperable. Howard Dep. at 71. Maintenance staff came and examined the toilet, but told Howard they would have come back after submitting a work order. Id. Rather than wait for a work order to be submitted, Howard requested to clean the toilet himself with garbage bags and gloves. Id.

## II. LEGAL STANDARDS

When a pretrial detainee challenges conditions of his confinement, the Court inquires "whether those conditions amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535 (1979). The Fourteenth Amendment prohibits punishment of detainees "prior to an adjudication of guilt in accordance with due process of law." Id. To determine "whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word," the Court must decide whether those conditions are "imposed for the purpose of punishment or whether [they are] but an incident of some other legitimate governmental purpose." Id. at 538.

Unless detention facility officials expressed intent to punish, the determination hinges on whether the conditions are reasonably related to a legitimate government purpose, or whether the conditions appear excessive in relation to that purpose. Id. at 538-39 (citing Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)) (instructing that a court may infer an action is punitive "if it is arbitrary or purposeless"). See also Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (specifying that an action is punitive when "(1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee.").

///
///
///
///
///

## III. ANALYSIS

### A. First Claim: Eighth and Fourteenth Amendment Violation

#### 1. Howard Has Failed To Provide Evidence Of A Dispute Of Material Fact As To Most Defendants

Howard names 27 Sacramento County Jail employees as Defendants: Deputy Travis Ahlers, Deputy Victor Alejandre, Deputy Yianni Athens, Deputy Christopher Barney, Deputy Bates, Deputy Dylan Black, Deputy Matthew Blanco, Deputy Kendal Chaplin, Sgt. Donna Cox, Deputy Nathan Daniel, Deputy Ulises Dominguez, Sgt. Brian Elmore, Deputy Hancock, Sgt. Aaron Haydel, Deputy King, Deputy Kevin Lloyd, Sgt. Mark Lopez, Deputy Travis Monahan, Deputy Christopher Morrow, Sgt. Brian Prehoda, Deputy Thomas Purser, Deputy Robert Ranum, Deputy Rivera, Deputy Roberts, Sgt. Michael Rogers, Sgt. David Smolich, and Deputy Roman Yaroshuk. See Compl., ECF No. 1. Howard's Complaint alleges that all Defendants violated his Eighth and Fourteenth Amendment rights by their deliberate indifference to the unsanitary prison conditions in his cell. Compl. at 7.

As an initial matter, one of these Defendants must be dismissed on procedural grounds. Howard failed to serve Defendant Roberts within the time limit provided by Federal Rule of Civil Procedure 4(m), and accordingly all claims against Roberts are dismissed. See Fed. R. Civ. P. 4(m); Def.'s Mem., ECF No. 16-1, p. 3 n.2; Answer, ECF No. 11, pp. 1-2.

Second, by his own testimony, Howard only informed four individuals about the water being off. Howard Dep., ECF No. 16-6, pp. 55-56. There is no dispute that the vast majority of the remaining Defendants had no knowledge that the water in his cell

4

had been turned off. Unrebutted depositions and declarations from 22 of the remaining 26 Defendants evidences this lack of knowledge. See Ahlers Dep., ECF No. 16-6, pp. 37-38; Alejandre Dep., ECF No. 16-6, p. 56; Athens Dep., ECF No. 16-7, p. 57; Bates Dep., ECF No. 16-6, p. 67; Blanco Decl., ECF No. 16-6, p. 2; Chaplin Dep., ECF No. 16-6, p. 55; Cox Decl., ECF No. 16-6, p. 2; Dominguez Decl., ECF No. 16-6, p. 2; Decl., ECF No. 16-5, p. 2; Hancock Dep., ECF No. 16-6, p. 32; Haydel Decl., ECF No. 16-5, p. 2; Deputy King, King Decl., ECF No. 16-6, p. 2; Lloyd Dep., ECF No. 16-6, p. 83; Lopez Dep., ECF No. 16-7, p. 41; Monahan Decl., ECF No. 16-6, p. 2; Morrow Dep., ECF No. 16-7, p. 50; Prehoda Dep., ECF No. 16-7, pp. 23-24; Purser Dep., ECF No. 16-6, p. 55; Rivera Decl., ECF No. 16-5, p. 2; Rogers Decl., ECF No. 16-6, p. 2; Smolich Decl., ECF No. 16-6, p. 2; Yaroshuk Decl., ECF No. 16-6, pp. 2-3. Howard has not provided evidence that calls any of their testimony into question.

Thus, there can be no dispute that these 22 Defendants lacked the requisite scientier under either the subjective or objective deliberate indifference standards. There is no evidence that these Defendants knew of and disregarded an excessive risk to Howard's health and safety, because none of them knew that the water had been turned off. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Similarly, there is no evidence that these Defendants (1) made an intentional decision with respect to Howard's conditions of confinement; (2) which placed Howard at a substantial risk of suffering serious harm; (3) and failed to take reasonable available measures to abate the high degree of obvious risk; (4) causing Howard to be injured.

Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). Howard has not alleged—or provided evidence of—any intentional decisions made by these 22 Defendants. The Court grants summary judgment to Defendants Ahlers, Alejandre, Athens, Bates, Blanco, Chaplin, Cox, Dominguez, Elmore, Hancock, Haydel, King, Lloyd, Lopez, Monahan, Morrow, Prehoda, Purser, Rivera, Rogers, Smolich, and Yaroshuk.

        2.   <u>The Prison Litigation Reform Act Does Not Bar Howard's First Claim As To The Last Four Defendants</u>

Howard identifies Defendant Ranum as the individual that turned off the water and states that he notified Defendants Barney, Black, and Daniel about his lack of water. Howard Dep., ECF No. 16-6, pp. 55-56. He implies that all four Defendants failed to turn the water back on in his cell during that 13-day period. See id. When the evidence is viewed in the light most favorable to Howard, it is only possible to find that Defendants Barney, Black, Daniel, and Ranum were aware of Howard's water being off and failed to rectify the situation. Id.

Defendants argue that the Prison Litigation Reform Act of 1995 ("the "PLRA"), 42 U.S.C. § 1997e, provides a legal basis to dismiss the first claim as to these last four Defendants. The PLRA "is designed to deter the filing of frivolous litigation against prison officials" and "applies to both pretrial detainees and convicted prisoners." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2476 (2015). The PRLA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical

6

injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). A physical injury "need not be significant but must be more than de minimis" for the purposes of section 1997e(e). Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

In his Complaint, Howard alleges that the unsanitary condition of his cell caused him to suffer a rash covering the majority of his body, as well as severe emotional distress. Compl. ¶ 35. He states that the rash was noted in his medical records on December 17, 2015, id., but did not provide that record on summary judgment. Nevertheless, even if Howard had provided evidence to substantiate his claim of a rash, this injury would not qualify as a physical injury for the purposes of section 1997e(e).

As other district courts have found, a skin rash suffered while in custody—on its own—is a de minimis physical injury that does not give rise to a claim for emotional or mental damages. See, e.g., Crawford v. Caddo Corr. Ctr., No. 5:14-CV-3198, 2015 WL 3622689, at *3 (W.D. La. June 9, 2015) (finding that a conclusory allegation that laundering of underwear caused "rashes, bumps, and infections" was de minimis injury); Dolberry v. Levine, 567 F. Supp. 2d 413, 417–18 (W.D.N.Y. 2008) ("Although plaintiff does allege that he suffered a skin rash due to the lack of showers, that is a de minimis injury that does not give rise to a claim."); Covarrubias v. Foxworth, No. 6:13CV812, 2016 WL 4836864, at *4 (E.D. Tex. Sept. 14, 2016) (finding that a rash that lasted two months before clearing up was a de minimis injury). Howard has not provided evidence regarding any other

7

physical injury suffered as a result of the water being shut off. Thus, the PLRA bars Howard from seeking compensatory relief for any mental or emotional injury.

Contrary to Defendants' argument, however, this is not enough to dismiss Howard's first claim in its entirety. A pretrial detainee need not allege a physical injury to recover damages because the deprivation of a constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury. Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002) (finding requests for punitive, nominal, and compensatory damages were not barred by § 1997e(e)). Howard's Complaint seeks (1) a declaration that Defendants violated his constitutional rights, (2) an award of compensatory damages for the constitutional violation, and (3) punitive damages against each Defendant. Compl., ECF No. 1, pp. 8-9. As the PLRA does not bar all of the requested relief, the Court cannot dismiss Howard's first claim based only on that ground. The Court denies summary judgment to Defendants Barney, Black, Daniel, and Ranum on Howard's first claim.

B. Second Claim: Fifth And Fourteenth Amendment Violation

In Howard's second claim, he alleges that Defendants violated his right to due process when he was denied grievance forms. Pretrial detainees and inmates are not constitutionally entitled to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a

8

grievance procedure."). Accordingly, Howard's allegation that he was denied grievance forms does not state a cognizable claim for violation of his due process rights. The Court grants summary judgment to Defendants on Howard's second claim.

IV. CONCLUSION

For the reasons provided, the Court hereby orders:

1. Defendant Roberts is DISMISSED WITHOUT PREJUDICE for failure to effectuate service;

2. As to Howard's First Cause of Action, the Court GRANTS summary judgment to Defendants Ahlers, Alejandre, Athens, Bates, Blanco, Chaplin, Cox, Dominguez, Elmore, Hancock, Haydel, King, Lloyd, Lopez, Monahan, Morrow, Prehoda, Purser, Rivera, Rogers, Smolich, and Yaroshuk; and DENIES summary judgment to Defendants Barney, Black, Daniel, and Ranum; and

3. As to Howard's Second Cause of Action, the Court GRANTS summary judgment to all Defendants.

Dated: June 11, 2019

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE